UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:11-cr-00184-JAW |
| | ) | |
| MARK RAZO | ) | |
| and | ) | |
| BARRY DIAZ | ) | |

**ORDERS ON OBJECTION TO RECOMMENDED DECISION ON DEFENDANT RAZO'S MOTION TO DISMISS FOR LACK OF VENUE AND ON RECOMMENDED DECISION ON DEFENDANT DIAZ'S MOTION TO DISMISS AND MOTION TO TRANSFER VENUE**

Mark Razo objects to the Magistrate Judge's Recommended Decision in which she recommended that his motion to dismiss for lack of venue be denied. Mr. Razo contends that the evidence will demonstrate that the crimes alleged in the Second Superseding Indictment did not take place in the District of Maine; the Government contends otherwise. As the disputed facts are interwoven with the crimes themselves, a jury, not a judge, must resolve these factual disputes, so the Court dismisses Mr. Razo's motion without prejudice.

I.  STATEMENT OF FACTS

A.  **Procedural History**

On October 20, 2011, a federal grand jury indicted Mark Razo in a single count indictment for alleged unlawful use of a communication facility. *Indictment* (ECF No. 1). On March 15, 2012, a federal grand jury issued a Superseding Indictment against Mr. Razo adding two counts of unlawful use of a communication

facility and a count of engaging in a conspiracy to distribute and possess with intent to distribute controlled substances including cocaine, heroin, marijuana, and methamphetamine. *Superseding Indictment* (ECF No. 24). On April 19, 2012, a federal grand jury issued a Second Superseding Indictment, this time adding Barry Diaz as a new Defendant in two of the communication facility counts and in the drug trafficking conspiracy count. *Second Superseding Indictment* (ECF No. 32).

On July 16, 2012, Mr. Razo moved to dismiss the indictment based on improper venue, *Def.'s Mot. to Dismiss Based on Impro[p]er Venue* (ECF No. 56) (*Razo Mot.*), and on July 27, 2012, Mr. Diaz also moved to dismiss the indictment on the same basis. *Mot. to Dismiss for Improper Venue* (ECF No. 60). In addition, Mr. Diaz moved to transfer venue to the state of California for trial. *Def.'s Mot. to Transfer Venue for Trial* (ECF No. 61). The Government opposed these motions. *Gov't's Resp. to Def.'s Mot. to Dismiss Based on Improper Venue* (ECF No. 63) (*Gov't's Opp'n*); *Gov't's Consolidated Resp. to Def.'s Mot. to Dismiss Based on Improper Venue and Mot. to Tra[ns]fer Venue for Trial* (ECF No. 65). On August 20, 2012, Mr. Razo replied. *Def.'s Reply Mem. in Support of Mot. to Dismiss Based on Impro[p]er Venue* (ECF No. 66) (*Razo Reply*). On August 27, 2012, the Government filed a sur-reply. *Gov't's Surreply to Def.'s Mot. to Dismiss Based on Improper Venue* (ECF No. 70) (*Gov't's Sur-Reply*). On September 7, 2012, Mr. Diaz filed a reply. *Def.'s Reply Br. in Support of the Motion to Dismiss for Improper Venue for Trial* (ECF No. 71).

On September 27, 2012, the Magistrate Judge issued a Recommended Decision in which she recommended that the Court deny the motions. *Recommended Decision on Defs.' Mots. to Dismiss for Lack of Venue and Def. Diaz's Mot. to Transfer Venue* (ECF No. 73) (*Recommended Decision*). On October 12, 2012, Mr. Razo objected to the Recommended Decision. *Def.'s Objection to Recommended Decision of Magistrate on Mot. to Dismiss Based on Improper Venue* (ECF No. 88) (*Razo Objection*). Mr. Diaz did not object to the Recommended Decision.

B. **Mark Razo's Motion**

Charged with four crimes occurring in the District of Maine between April 2011 and August 2011, Mr. Razo pointed out that during this entire time, he was serving a three-year period of incarceration in the state of California prison system. *Razo Mot.* at 2. Although Mr. Razo conceded that his co-defendant, Barry Diaz, was a "moving target," traveling about the Country, including in the state of Maine, *id.* at 2-3, Mr. Razo emphasized that Mr. Razo himself was in California, not in Maine. *Id.* at 2, 4-5. Mr. Razo argued that, to establish venue for the communication facility counts, the Government must demonstrate that if he used a phone in violation of the law, the "other party to the call was in Maine at the times alleged." *Id.* at 5. Mr. Razo maintained that the Government cannot place Mr. Diaz in Maine on the dates of the phone calls alleged in Counts I through III. *Id.* As regards the drug trafficking conspiracy, Mr. Razo again observed that he was in California during the entire period of the conspiracy and he asserted that the Government

3

cannot establish that either Mr. Diaz or the other alleged members of the charged conspiracy had any connection with the state of Maine. *Id.* at 5-7. He contended that the Government cannot demonstrate that the "incident that occurred on June 20, 2011, in which a woman was stopped, subject to search and discovered to be in possession of a large amount of methamphetamine in or near Des Moines, Iowa" had anything to do with a drug trafficking conspiracy in the District of Maine. *Id.* at 3.

### C. The Government's Response

In response, the Government pointed out that the Second Superseding Indictment alleges in each count that the conduct occurred "in the District of Maine and elsewhere." *Gov't's Opp'n* at 1. The Government acknowledged that its burden to establish venue originates in two constitutional provisions: (1) Article III, section 2, which provides in part that criminal trials "shall be held in the State where the said Crimes shall have been committed," U.S. CONST. art. III, § 2, cl. 3, and (2) the Sixth Amendment, which guarantees that a criminal defendant "shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed," *id.* amend. VI. *Gov't's Opp'n* at 1. The Government noted that the Federal Rules of Criminal Procedure also require that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." *Id.* at 1-2 (quoting FED. R. CRIM. P. 18).

4

As to the drug trafficking conspiracy, the Government rejected Mr. Razo's position, noting that the methamphetamine seizure in Iowa on which he focuses is "a single substantive event that occurred during the course of a broader conspiracy." *Gov't's Opp'n* at 4. The Government described a series of drug trafficking events that it claims occurred in Maine in furtherance of the conspiracy. *Id.* at 4-5. Regarding the communication facility crimes, the Government maintained that it expects to demonstrate that Mr. Diaz was, in fact, in Maine when the telephone calls occurred. *Id.* at 5-6.

Finally, the Government asserted that the Court must await trial to determine whether it has satisfied the venue requirement. *Id.* at 6-7.

**D. Mark Razo's Reply**

In reply, Mr. Razo described what amounts to a procedural Catch-22: if a defendant is required to wait until trial to resolve where the trial should be held, the trial will necessarily be held in the original venue. *Razo Reply* at 1. He declaimed the result as "grossly v[i]olative of the substance of the law to force the Defendant through a trial process where the Government cannot prove proper venue." *Id.* at 1. Contrary to the Government's factual representations, Mr. Razo contended that during the July 26, 2011 telephone call in Count One, while Mr. Razo was in California state prison, the other party, namely Mr. Diaz, stated that he was "only 10 minutes from NY" and that as regards the Count Two telephone call, it took place only eleven minutes after the Count One call. *Id.* at 2-3. Mr. Razo reiterated that the Government will not demonstrate that Mr. Diaz was in Maine at

5

the time of either of these telephone calls and that there is no venue in the District of Maine. *Id.* at 3. Finally, as regards Count Three, Mr. Razo asserted that the Government cannot prove that Mr. Diaz was in Maine on May 7, 2011, the date of that call. *Id.* at 4. Mr. Razo was skeptical that the Government would be able to prove at trial that venue is proper in Maine and contended that the government should be required before trial to "disclose its ability to offer such proof." *Id.* at 4-5. Regarding the drug trafficking conspiracy charge, Mr. Razo accused the Government of combining together "separate and distinct conspiracies involving separate substances and separate individuals." *Id.* at 5-6. In effect, he maintained that the Government has "overcharged a poly-substance conspiracy as a means to defeat venue as to the most serious of the components of the charged conspiracy – methamphetamine in Iowa." *Id.* at 8.

### E. Government's Sur-Reply

In its sur-reply, the Government represented that Mr. Diaz's "ten minutes from NY" referred to his residence, where drugs were to be shipped, rather than to his location at the time of the call. *Gov't's Sur-Reply* at 1. In fact, the Government alleged that just twenty-six minutes before the contested telephone call, Mr. Diaz had informed Mr. Razo during another call that he was then in Maine. *Id.* at 1-2. It said it will be able to confirm Mr. Diaz's location by telephone contact with Maine cell-towers. *Id.* at 2. Finally, the Government characterized its drug trafficking count as a "poly-substance conspiracy stretching over several months" but disagreed

6

with Mr. Razo's assertion that the indictment combines separate and distinct conspiracies. *Id.*

F.  **The Recommended Decision**

After reviewing the law on venue, the Magistrate Judge concluded that venue was proper based on the Government's representations. *Recommended Decision* at 1-6. Here, the Magistrate Judge noted, the Government alleged that criminal conduct had in fact taken place in the District of Maine for each of the communication facility counts and the conspiracy count. *Id.* at 2-6. These allegations, she concluded, were sufficient and she recommended the motion be denied. *Id.* at 6-7.

G.  **Mark Razo's Objection**

In his objection to the Magistrate Judge's Recommended Decision, Mr. Razo complains that the Magistrate Judge "erroneously accepted the Government's mere pleading within the Indictment as to venue." *Razo Objection* at 2. Contrary to the Magistrate Judge's understanding, Mr. Razo insists that a court "may decide pre-trial whether venue is proper as a matter of fact." *Id.* at 2-3. He asserts that, "where challenged by the defense the Government must establish sufficient facts that venue is proper so as to avoid placing the Defendant in the position of having to defend at trial in an erroneous district." *Id.* at 3. Mr. Razo then recites facts which he contends establish that Mr. Diaz was not in Maine during any of the communication facility counts and disputes the Government's interpretation of the "10 minutes from NY" remark. *Id.* at 3-4. Turning to the drug trafficking

7

conspiracy, Mr. Razo focuses on the methamphetamine evidence from Iowa and contends that the methamphetamine conspiracy is not related to the Maine part of the conspiracy and that the Government has "overcharged a poly-substance conspiracy as a means to defeat venue." *Id*. at 8. He contends that "the alleged conspiracy in Maine is relatively limited in scope by drug amounts." *Id*.

## II. DISCUSSION

### A. Legal Standards

#### 1. Recommended Decision

The Magistrate Judge issued her Recommended Decision pursuant to 28 U.S.C. § 636(b)(1)(B). Upon timely objection to the Recommended Decision, this Court is required to make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see Gioiosa v. United States*, 684 F.2d 176, 178 (1st Cir. 1982).

#### 2. Motion to Dismiss for Lack of Venue

In her Recommended Decision, Magistrate Judge Kravchuk set forth in detail the standards by which a motion to dismiss for change of venue must be evaluated. *Recommended Decision* at 1-3. In his objection, Mr. Razo does not challenge most of the legal principles the Magistrate Judge clearly and thoroughly enunciated. Instead, he focuses his objection on how a court should consider countervailing facts in a motion to dismiss for lack of venue. *Razo Objection* at 1-9. While acknowledging that "the Government's burden [to establish venue] is ultimately a trial burden," Mr. Razo nevertheless maintains that "the Government must

establish sufficient facts that venue is proper so as to avoid placing the Defendant in the position of having to defend at trial in an erroneous district." *Id.* at 3. He then proceeds to disagree with the Government's view of whether Barry Diaz was in Maine or New York when he received the telephone calls alleged in the Second Superseding Indictment, *id.* at 3-4, and to challenge the Government's contention that the methamphetamine conspiracy was part of the drug trafficking conspiracy in Maine. *Id.* at 5-8.

Mr. Razo's argument, however, misapprehends the Court's role in evaluating venue issues. "Unlike civil actions, a criminal action, particularly one initiated by an indictment, is not generally subject to dispositive motion practice." *United States v. Cameron*, 662 F. Supp. 2d 177, 179 (D. Me. 2009), *aff'd*, No. 11-1275, 2012 U.S. App. LEXIS 23397, *27-30 (1st Cir. Nov. 14, 2012). By returning an indictment, a grand jury is carrying out a constitutional function enshrined in the Bill of Rights. U.S. CONST. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . .").

Rule 12 of the Federal Rules of Criminal Procedure allows a defendant to move to dismiss an indictment before trial, but only in narrow circumstances where "the court can determine [the question] without a trial of the general issue." FED. R. CRIM. P. 12(b)(2). Moreover, in ruling on the motion, the "allegations of the indictment must be taken as true." *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1952); *United States v. Bohai Trading Co., Inc.*, 45 F.3d 577, 578

9

n.1 (1st Cir. 1995). Here, in each of the Counts, the grand jury alleged that the crime took place in part "in the District of Maine." *Second Superseding Indictment* at 1-2. Even if the crimes were in part committed elsewhere, *see id.*, venue may still lie in the District of Maine. *United States v. Lombardo*, 241 U.S. 73, 77 (1916) ("[W]here a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done"). In other words, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237.

This does not mean that Mr. Razo is without remedy. "[T]he burden of showing proper venue is on the government, which must do so by a preponderance of the evidence." *Cameron*, 2012 U.S. App. LEXIS 23397, *28 (quoting *United States v. Scott*, 270 F.3d 30, 34 (1st Cir. 2001)). But "a jury must decide whether the venue was proper." *United States v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010); *United States v. Lyons*, No. 10-cr-10159-PBS, 2011 U.S. Dist. LEXIS 95617, *3 (D. Mass. Aug. 25, 2011). "If there is a facially sufficient indictment, the Court cannot make venue determinations based on extrinsic evidence in deciding a pre-trial motion." *Lyons*, 2011 U.S. Dist. LEXIS 95617 at *3. This is particularly true where, as here, the Defendant's factual contentions on venue are interwoven with the evidence in the case itself. To prove its charges, the Government will be required to establish where Barry Diaz, the co-defendant, was when he received the

10

telephone calls from Mark Razo, and whether the drug trafficking conspiracy that the Government alleges Mr. Razo and Mr. Diaz perpetrated in the District of Maine included the methamphetamine shipment discovered in Iowa.

For now, the allegations in the superseding indictment assert that the criminal conduct occurred in part in the District of Maine, and are thus facially sufficient to support venue in the District of Maine. Mr. Razo remains free to challenge those allegations at trial.

## III. CONCLUSION[1]

As regards Barry Diaz's Motion to Dismiss for Improper Venue (ECF No. 60) and his Motion to Transfer Venue (ECF No. 61), no objections were filed to the Magistrate Judge's Recommended Decision filed on September 27, 2012 (ECF No. 73), and the Court accepts and AFFIRMS the Recommended Decision. The Court DENIES Defendant Barry Diaz's Motion to Dismiss for Improper Venue (ECF No. 60) and his Motion to Transfer Venue (ECF No. 61).

As regards Mark Razo's Motion to Dismiss for Improper Venue (ECF No. 56), the Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and has made a de novo determination of all matters adjudicated therein to which Mr. Razo objected. The Court concurs with the Magistrate Judge's reasoning, which it adopts in full, together with the additional reasons set forth herein. However, the Court does not affirm the

---

[1] The Court affirms the Magistrate Judge's Recommended Decision in all respects except one. In the Recommended Decision, she recommended that the Court deny the motions. The Court affirms her recommended denials of Mr. Diaz's motions because he has not objected. However, as regards Mr. Razo's motion to dismiss, the Court dismisses without prejudice his motion to dismiss to make it clear that, if he elects to do so, he may raise the issue of venue at trial.

11

Magistrate Judge's Recommended Decision because it is dismissing Mr. Razo's motion without prejudice as opposed to denying it. The Court DISMISSES without prejudice Defendant Mark Razo's Motion to Dismiss for Improper Venue (ECF No. 56).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 20th day of November, 2012