UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00184-JAW-01 |
| | ) | |
| MARK RAZO | ) | |

**ORDER ON MOTION IN LIMINE CONCERNING BUSINESS RECORDS**

In anticipation of trial in this drug trafficking conspiracy case, on January 29, 2013, the Government filed one motion in limine, seeking a preliminary determination of the admissibility of certain bank, hotel, and telephone records under Federal Rules of Evidence 803(6) and 902(11). *Mot.* in Limine *for a Ruling Permitting the Gov't to Utilize Fed. R. Evid. 902(11) for the Authentication of Domestic Records of Regularly Conducted Activity* (ECF No. 138) (*Gov't's Mot.*).

In its Motion, the Government contends that certain bank, hotel, and telephone records qualify for admission and self-authentication under Rules 803(6) and 902(11); the Government reports that the records and certifications of authenticity "have previously been or will be provided to the defendant" and "can also be made available to the court." *Gov't's Mot.* at 1-2. The Government claims that admitting the records would not violate the Confrontation Clause because business records are "patently non-testimonial." *Id.* at 3.

The Defendant did not respond to the Motion by the filing deadline. Upon the Court's request, the Clerk's Office contacted defense counsel and he confirmed that he did not intend to submit a response. Instead, he referred to his trial brief,

in which he demands that the Government "properly qualify" the admission of business records under "applicable constitutional, statutory & rules provisions." *Def.'s Trial Br.* at 5 (ECF No. 142).

The Defendant's failure to object on a timely basis or supply a basis for his position constitutes a waiver of any objection. Nevertheless, as this is a criminal case and the Defendant has the right simply to put the Government to its proof, the Court addresses the admissibility issue to give the parties some guidance. At the same time, the Court's job has been made more difficult by the vagueness of Mr. Razo's generic objection.

I. **DISCUSSION**

The Court has not been presented with any of the actual records or certifications of authenticity, so cannot say with certainty whether they are admissible. The Government merely represents that the records are "routine business records that were not created in anticipation of any litigation" and states that the records "include the following: JP Morgan Bank Records, Wells Fargo Bank Records, Econo Lodge Hotel Records, Comfort Inn Hotel Records, Sterling International Hotel Records, AmericInn Hotel Records, Iowa Super 8 Hotel Records, Wal-Mart Records, MoneyGram Records from Family Express Multi Services, NetSpend Records, AT&T Call Detail Records." *Gov't's Mot.* at 1-2, 4. If the Government's representation is accurate that these are routine business records not created in anticipation of litigation, it is likely the records will be admissible and qualify for self-authentication.

2

## A. The Federal Rules of Evidence

To be admissible under the Federal Rules of Evidence, the business records must satisfy Rule 803(6), which provides that "[a] record of an act, event, condition, opinion, or diagnosis" is not excluded by the rule against hearsay if it satisfies five requirements. FED. R. EVID. 803(6). The first three requirements are that "the record was made at or near the time by—or from information transmitted by—someone with knowledge"; that "the record was kept in the course of a regularly conducted activity of a business . . ."; and that "making the record was a regular practice of that activity." *Id.* 803(6)(A)-(C). The Government and Mr. Razo have the records and they are in a position to determine whether the records meet these requirements; the Court is not.

The fourth requirement of Rule 803(6) is that the first three conditions "are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification." *Id.* 803(6)(D). The Government seeks to admit the records under Rule 902(11), which provides that the original or a copy of a domestic record is self-authenticating if a custodian or other qualified person certifies that the record meets the first three requirements of Rule 803. *Id.* 902(11). Rule 902(11) requires that the proponent of the record give an adverse party reasonable written notice of the intent to offer the record before trial, so that the adverse party has a fair opportunity to object. *Id.* The Advisory Committee observes that the reason for this notice requirement is "to give the opponent of the evidence a full opportunity to test

the adequacy of the foundation set forth in the declaration." FED. R. EVID. 902, advisory committee notes (2000 amendments). "Thus, this provision does not affect the right of the opponent to challenge the authenticity of the records; it only relieves the proponent of the burden of presenting a live witness at trial. An opponent who believes that the declarant has not established a sufficient foundation will have to present evidence that demonstrates the failure." 5 JOSEPH M. MCLAUGHLIN, JACK B. WEINSTEIN & MARGARET A. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 902.13[1] (2d ed. 2012).

On January 29, 2013, the Government placed Mr. Razo on notice that it intends to self-authenticate the business records under Rule 902(11) in lieu of presenting the live testimony of qualifying out-of-state witnesses. Mr. Razo has elected not to respond to the Government's motion, except to say that he expects the Government will comply with "applicable constitutional, statutory & rules provisions." *Def.'s Trial Br.* at 5. Mr. Razo is free to present evidence, if he chooses to do so, that demonstrates that the respective declarants have failed to establish a sufficient foundation.

The fifth, and final, requirement of Rule 803(6) is that "neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness." FED. R. EVID. 803(6)(E). On the skeletal record before the Court, it is impossible to say whether this requirement might prevent the admission of any of the records. As the Defendant has not made a specific objection under Rule 803(6)(E), the Court assumes for the moment it would not.

### B. The Confrontation Clause

As the Government's brief implicitly acknowledges, admission under Rule 803(6) and self-authentication under Rule 902(11) would be available only if the records do not violate the Confrontation Clause. *See Gov't's Mot.* at 1-2. In *Crawford v. United States*, 541 U.S. 36 (2004), the Supreme Court held that only "testimonial" hearsay implicates the Confrontation Clause and observed that most of the traditional hearsay exceptions "covered statements that by their nature were not testimonial—for example, business records." *Id.* at 56. After *Crawford*, the First Circuit has "held in a number of cases that business records . . . are admissible absent confrontation." *United States v. Cameron*, 699 F.3d 621, 639 (1st Cir. 2012) (citing cases).

However, the Supreme Court and First Circuit subsequently clarified that not all business records are immune from Confrontation Clause attack. *See id.* at 639-40 (discussing *Meléndez-Díaz v. Massachusetts*, 557 U.S. 305, 308 (2009)). The Supreme Court and the First Circuit have clarified that all statements, whether contained in business records or not, are considered "testimonial"—and therefore subject to the Confrontation Clause—if they "have a 'primary purpose' of 'establishing or proving past events potentially relevant to later criminal prosecution.'" *Id.* at 640 (quoting *Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2714 n.6 (2011) (quoting *Davis v. Washington*, 547 U.S. 813, 822 (2006))).

Based on this sparse record without the certificates and the records before it and without any specific objections by the Defendant, the Court can say little more.

If the bank, hotel, and telephone records were kept "in order to serve business functions that were totally unrelated to any trial or law enforcement purpose," the records are non-testimonial and would not implicate the Confrontation Clause. *See Cameron*, 699 F.3d at 641-42. To the extent the Government has accurately represented that these "are routine business records that were not created in anticipation of litigation," *Gov't's Mot.* at 4, the Confrontation Clause will not preclude their admission or self-authentication.

C. **Summary**

Based on the Government's representations and the Defendant's failure to make specific objections, it is likely that the business records will be admissible under Rule 803(6), will qualify for self-authentication under Rule 902(11), and will not implicate the Confrontation Clause.

This ruling relies on the Government's representation that it has provided the Defendant with the records and compliant certifications of authenticity; to the extent the Government has failed to do so, the Defendant is free to raise an objection at trial. For records and certifications of authenticity that have been previously provided to the Defendant, however, the Court is unlikely to entertain any subsequent objection and require the Government to scramble during trial to arrange for the live appearances of out-of-state witnesses.

## II. CONCLUSION

The Court GRANTS the Government's Motion *in Limine* for a Ruling Permitting the Government to Utilize Federal Rule of Evidence 902(11) for the Authentication of Domestic Records of Regularly Conducted Activity (ECF No. 138).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 21st day of February, 2013